UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Gina Maida,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>United States, et al.,<br><br>　　　　　Defendants. | 2:24-cv-02375-RFB-MDC<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NOS. 1)** |

　　　　Pro se plaintiff Gina Maida filed multiple *Applications To Proceed In Forma Pauperis* ("IFP"). ECF Nos. 1 and 5. The Court DENIES her IFP applications without prejudice because she did not sign her applications and appended a Legal Notice and Demand (that is apparently affiliated with sovereign citizens) which the Court rejects and declines to recognize. While the Court does not screen plaintiff's purported complaint at this time, the Court notes that the proposed complaint, titled "Legal Notice" appears to be a collection of forty-six pages of documents affiliated with the sovereign citizens, which plaintiff signed with similar disclaimers. See ECF No. 1-1 at 8. The Court will give plaintiff another opportunity to file an IFP application with proper signatures and refile an amended complaint that complies with the rules, has a proper signature, and omits Legal Notice and Demand or any similar document that purports to limit, challenge, or rewrite the Court's jurisdiction or authority.

**I. PLAINTIFF'S IFP APPLICATION**

　　A. Legal Standard

　　　　The Federal Rule of Civil Procedure 11(a) states that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). "One of the fundamental purposes of Rule 11 is to reduce frivolous claims, defenses, or motions and to deter costly meritless maneuvers

...thereby avoiding delay and unnecessary expense in litigation." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotations omitted). "Rule 11 is aimed at curbing abuses of the judicial system." *Bus. Guides, Inc. v. Chromatic Communs. Enters.*, 498 U.S. 533, 542, 111 S. Ct. 922, 928, 112 L. Ed. 2d 1140 (1991) (internal quotations omitted). Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. See *e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016). "[w]here there are multiple plaintiffs in a single action, the plaintiffs may not proceed in forma pauperis unless all of them demonstrate inability to pay the filing fee." *Martinez v. Lutz*, 2018 U.S. Dist. LEXIS 137515, 2018 WL 3924266, at *1 (E.D. Cal. Aug. 14, 2018).

The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

**B. Analysis**

Plaintiff filed two IFP applications on the short forms. Plaintiff states that she has no assets or money, but she also attached a written statement that she is homeless. See ECF No. 1 at 4. Plaintiff,

3

however, included with her signature the disclaimers (1) UCC 1-308, (2) without recourse, (3) without prejudice, (4) all rights reserved, and (5) © - which implies that her signature is copywritten material. *Id.* at 3-4. These disclaimers contravene one of the fundamental purposes of Rule 11.

The relevant portion of UCC § 1-308 states,

> A party that with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as "without prejudice," "under protest," or the like are sufficient.

UCC § 1-308(a).

While the intended meaning is unclear, the Court notes that including "UCC 1-308" and similar disclaimers is a frequent and common tactic by those who adhere to the sovereign citizen movement. See *Tiffany v. Karen*, 2023 U.S. Dist. LEXIS 91639, at *4 (D. Nev. May 25, 2023) ("Plaintiff also appears to have included in the signature line a reference to "UCC 1-308" which appears to refer to some sort of reservation of rights. This is common in Moorish pleadings because they believe that by "reserving your rights" you can avoid the potential consequences of untruthful answers."); see also *Harper v. California Dep't of Corr. & Rehabilitations*, 2022 U.S. Dist. LEXIS 57821, at *2 (E.D. Cal. March 29, 2022) (collecting cases) (finding that inclusion of UCC 1-308 "has been used by persons who consider themselves to be 'sovereign citizens.'").

The Court finds that plaintiff intended to include UCC § 1-308 to "avoid the potential consequences of untruthful answers." Plaintiff cannot seek to absolve herself from the consequences of untruthful or "frivolous" pleadings and/or filings. *C.f. United States v. Sykes*, 614 F.3d 303, 306 n.2 (7th Cir. 2010) (characterizing defendant's claim that the UCC relieved him of criminal liability as "bizarre"). The purpose of Rule 11 is undermined when filers, such as plaintiff, seek to "reserve her rights" and thereby avoid the penalty such consequences. See Fed. R. Civ. P. 11(b)-(c) (permitting sanctions for

violations of the rule). To the extent that plaintiff attempts to assert such sovereign citizen/Moorish ideology in her IFP application and Complaint, the Court rejects them. This Court and many others have rejected such movements. See *Harper*, 2022 U.S. Dist. LEXIS 57821, at *2; see also *United States v. Studley*, 783 F.2d 934, 937, fn.3 (9th Cir. 1986) (finding that arguments based on sovereign citizen ideology is frivolous and grounds for sanctions).

The Court finds that the plaintiff has failed to sign her IFP applications and her purported proposed complaints. Because plaintiff did not sign the complaints, the Court cannot consider it for screening. Rule 11 provides that "omission of the signature" may be "corrected promptly after being called to the attention of the attorney or party." The Court will grant plaintiff an opportunity to cure the defect. If plaintiff chooses to cure the defect, she should file a new, properly signed long form IFP application and a complaint, in the form of an amended complaint. Plaintiff may not merely file a signature page. Plaintiff is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself. See *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). ("[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (internal citations omitted). The Court also warns the plaintiff that her amended complaint, if she chooses to file one for screening, must comply with Rule 8: meaning it must present a short and plain statement of the claims showing that she is entitled to relief. Plaintiff must not include "UCC § 1-308" in her signature, or any similar disclaimers or reservation of rights.

IT IS SO ORDERED THAT:

1. Plaintiff Maida's *Applications to Proceed In Forma Pauperis* (ECF Nos. 1 and 5) are both DENIED without prejudice with leave to refile.
2. By **February 26, 2025**, plaintiff must EITHER (1) file **a new long form application** to proceed

5

in forma pauperis as specified in the Court's order or (2) plaintiff must pay the full fee for filing a civil action.

3. Plaintiff Maida is also DIRECTED to refile a proposed amended complaint with a proper signature that complies with this Order.

4. Failure to timely comply with this Order may result in a recommendation that this case be dismissed with prejudice.

It is so ordered.

DATED: January 7, 2025.

                                                      _____
                                                      Hon. Maximiliano D. Couvillier III
                                                      United States Magistrate Judge

**NOTICE**

Before appearances and consent of defendants, there is not full consent for a magistrate judge to enter dispositive orders. See *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change

of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**