# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Gina Maida,<br><br>                    Plaintiff,<br><br>vs.<br><br>United States, *All States, Federal, Public Officials*,<br><br>                    Defendant. | Case No. 2:24-cv-02375-RFB-MDC<br><br>**REPORT AND RECOMMENDATION TO DISMISS CASE**<br><br>**And**<br><br>**ORDER DENYING MOTION FOR PRO SE LITIGANT TO FILE ELECTRONICALLY WITHOUT PREJUDICE (ECF NO. 9) AND DENYING APPLICATION TO PROCEED INFORMA PAUPERIS AS MOOT (ECF NO. 7)** |

Pro se plaintiff Gina Maida filed a renewed *Application to Proceed In Forma Pauperis* ("IFP") (ECF No. 7), a *Motion to File Electronically* ("Motion")(ECF No. 9), and a document purporting to be an amended complaint (ECF No. 14). The Court recommends that this case be dismissed. The Court denies plaintiff's Motion (ECF No. 9) and denies her IFP application (ECF No. 7) as moot.

## I.  BACKGROUND

The Court previously denied plaintiff's IFP application because she included a disclaimer associated with sovereign citizens next to the signature line to "avoid the potential consequences of untruthful answers." *See Order at ECF No. 6 at 4.* The Court ordered the plaintiff to file a new IFP application on the Court's long form. *Id. at 5.* The Court also noted that plaintiff had not filed a proper complaint, but instead filed a document titled "Legal Notice" that did not state any claims, but instead presented 46 pages of documents that this district has previously described, "as sovereign citizen gibberish for which there is no cognizable cause of action." *Bey v. Moser Leland*, No. 2:21-cv-01840-

JAD-VCF, 2021 U.S. Dist. LEXIS 227171, at *2 (D. Nev. Nov. 4, 2021). The Court told plaintiff that she must file a proper amended complaint if she files a new IFP application. ECF No. 6 at 1.

## II. DISCUSSION

District courts have the authority to dismiss cases sua sponte without notice to the plaintiff when she "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). A complaint should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez,* 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The plaintiff did not comply with the Court's Order. The plaintiff filed a new amended "Legal Notice" that is 49 pages long, which now names herself as the defendant and contains all the same sovereign citizen gibberish contained in the initial Legal Notice without identifying any legal claims and supporting facts. *ECF No. 14.* Plaintiff also again included a "copyright" disclaimer and thumb prints next to her signature, which the Court has already warned plaintiff does not comply with Federal Rule of Civil Procedure 11. *ECF No. 6 at 4*. There is no cognizable cause of action. Plaintiff's document (ECF No. 14) is frivolous and cannot be reasonably construed as a complaint or other pleading seeking any

cognizable relief. The only alternative is to enter another order setting another deadline for her to file a proper complaint. Issuing another order, however, will only delay the inevitable and further squander the Court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. Considering the frivolous and delusional nature of plaintiff's amended complaint, i.e. "Legal Notice", the Court recommends that this case be dismissed. The Court also denies plaintiff's request to file electronically (ECF No. 9).

Plaintiff also failed to comply with the Court's Order (ECF No. 6) regarding filing a long form regarding her renewed IFP application but instead re-filed the short form (ECF No. 7) and a non-compliant, unsworn affidavit (ECF No. 8). Since the Court recommends dismissal, however, the Court does not reach the merits and orders that the renewed IFP application (ECF Nos. 7 and 8) be denied as moot.

**IT IS SO RECOMMENDED AND ORDERED:**

1. The Court RECOMMENDS that plaintiff's Gina Maida's case be DISMISSED.

2. The Court **ORDERS** that Plaintiff's renewed *Application To Proceed In Forma Pauperis* (ECF No. 7) is DENIED AS MOOT.

3. The Court **ORDERS** that plaintiff's *Motion for Leave to File Electronically* (ECF No. 9) is DENIED without prejudice leave to refile if this case survives dismissal.

4. IT IS SO ORDERED.

DATE: June 20, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and

recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**